536

# In re Recanvassing of the First Election District of Jefferson Township

*Richard E. Bower,* for Fayette County Election Board.
*Jack R. Heneks Jr.,* for John C. Boone.
*John M. Purcell,* for Paul H. Black.

FRANKS, *J.,* July 31, 1991—The issue before us arises from an appeal from decisions of the Fayette County Board of Elections refusing petitions to recanvass votes and to strike two absentee ballots. After a hearing, review of the facts, applicable law, and briefs submitted by counsel, we uphold the decisions of the board.

## FINDINGS OF FACT

Petitioner is John C. Boone, a candidate for school director in the Frazier School District, Fayette County, Pennsylvania. Following the May 21, 1991, primary election, the Fayette County Election Bureau reported that Boone and Paul H. Black each received 666 votes for the office of school director. This tie was broken by Black pulling the number-one pill and Boone pulling the number-four pill. As a result, Black was declared the winner.

537

Boone timely appealed to the board for a recan-vassing of the votes for school director in the First and Second Districts of Jefferson Township, and in Newell Borough. The substance of the appeal was to reconcile the differences in the number of votes for the respective candidates between the paper proof sheets and the count performed by the bureau. In addition, Boone sought to have two absentee ballots struck alleging they were not properly opened and counted pursuant to 25 P.S. §3146.8.

A hearing was held on July 25, 1991, at which time counsel stipulated that the count from the bureau was correct but for the two absentee ballots-one from Newell Borough and one from Jefferson Town-ship. The single absentee ballot in Jefferson Town-ship was opened and counted after the polls had closed, pursuant to 25 P.S. §3146.8. Conversely, the single absentee ballot in Newell Borough was not opened until the official count was begun by the bureau.

## DISCUSSION

Boone appeals to this court seeking an invalida-tion of the two absentee ballots. Section 3146.8 of the Pennsylvania Election Code provides that ab-sentee ballots shall be canvassed immediately and continuously after the close of the polls in each of the respective election districts. Further, to insure the secrecy of the voter, the sealed envelopes are to be shuffled before they are opened. The language of this section appears to be quite clear; however, there is no provision specifically addressing the procedure when there is a single absentee ballot.

Guided by this section, the local election officials in Jefferson Township immediately opened and counted the single absentee ballot. We refuse to

538

void this ballot for the local election officials followed what they believed to be proper procedure. Further, the invalidation of a vote is a drastic measure, and will be done only for compelling reasons. *Perles v. Northumberland County Return Board,* 415 Pa. 154, 202 A.2d 538 (1964). We will not disenfranchise a voter for an act that may be contrary to procedure for canvassing the vote.

There was no showing of fraud in the casting of the vote or in the canvassing of it. The absentee ballot was properly completed by an eligible voter. To void this ballot would be to deprive the voter of one of his most fundamental privileges given to him by the U.S. Constitution.

Likewise, we will not void the single absentee ballot cast in Newell Borough. Because the Election Code speaks only of canvassing absentee ballots, not single ones, Barbara DeCarlo, director of the bureau, testified she gave specific instructions to all the local election officials when such a circumstance arose. Consistent with the intent of the statute to preserve and insure the secrecy and anonymity of the voter, the local election officials were to return the unopened single ballot to the bureau. It therefore would not be opened and counted until the bureau tabulated the votes throughout the county.

The election laws are to be construed liberally so as not to deprive a voter of the right to elect the candidate of his choice. *In re Nomination Petition of Justin Johnson,* 509 Pa. 347, 502 A.2d 142 (1985). To void this absentee ballot would be to deprive the voter of this right. This is especially true in light of the fact that the absentee ballot was properly prepared by an eligible voter without any showing of any fraud in the preparation, handling or canvassing of the ballot.

In conclusion, having jurisdiction pursuant to 25 P.S. §3157, we find no compelling reasons to strike

either of the validly cast absentee ballots. We will not disenfranchise an eligible voter because of some minor irregularities or inconsistencies in the canvassing of the ballots.

Consistent herewith, we enter the following

## DECREE

And now, July 31, 1991, it is hereby ordered, adjudged and decreed that the decisions of the Fayette County Election Board are upheld and the two ballots cast in the Second Election District of Jefferson Township and in Newell Borough for school director for Frazier School District shall be counted.